act upon the premises. The fact that the permission was paid for, and that the act permitted was a continuing one, are ordinary elements of a license. * * * It is clear in this case that the intention was that the licensee should have no other right in the premises than to affix his sign to them, and that every other right should remain in the defendant. An agreement of this nature cannot be construed as a lease; it must create either a license or an easement." Page 12, 145 Mass., and page 406, 12 N. E.

It is unnecessary, for the determination of this appeal, to decide whether the paper here in question created a license or an easement, or was merely a simple contract between the parties. It is sufficient that it was not a lease. Treated as a simple contract, there was no obligation on the part of the defendant to remove the advertisement at the end of the year. The plaintiff might have protected himself by inserting in the agreement a provision requiring the obliteration of the sign by the defendant, and then, in the event that the latter failed to comply with that term of the contract, remove it himself, and charge the defendant with the expense incurred. Regarding it as a license irrevocable for one year, no rights or duties devolved on the defendant upon the termination of that period. The plaintiff could then have removed the sign, but he could not have compelled the defendant to do so. The judgment below was correct in law, and must be affirmed.

Judgment affirmed, with costs to the respondent. All concur.

---

(29 Misc. Rep. 123.)

### CUNNINGHAM v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. October 4, 1899.)

STREET RAILROADS—ACTION FOR PERSONAL INJURY—EVIDENCE.

According to the verified complaint in an action against a street-railroad company for a personal injury, it occurred on April 18, 1898, but on the trial plaintiff testified that it occurred on November 18, 1898. The complaint was then amended, and an adjournment granted defendant for surprise. On the retrial, plaintiff testified that December 18, 1898, was the correct time, but defendant claimed that she stated to one of its employés that the accident was on December 23d, and, in connection with testimony thereof, showed that it had a report of an accident happening in the locality of the one in question on that date, and a witness said the injured person looked like plaintiff. Held, that it was reversible error to exclude evidence of the circumstances of the accident last referred to.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by Cassie Cunningham against the Metropolitan Street-Railway Company. Judgment for plaintiff, and defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Henry A. Robinson, for appellant.
Frederick L. Taylor, for respondent.

FREEDMAN, P. J. This was an action brought by the plaintiff to recover for personal injuries sustained by reason of the alleged negligence of the defendant. The pleadings were verified, and in

her complaint the plaintiff swore that the accident by reason of which she alleged she received the injuries complained of occurred on the 18th day of April, 1898. It appears from the record that the case was first brought on for trial before Mr. Justice Roesch, and that the plaintiff, upon being sworn as a witness in her own behalf, then testified that the accident happened on the 18th day of November, 1898. Thereupon an amendment to the complaint was allowed by substituting the 18th day of November for the 18th day of April as the date of the accident, and the defendant stating that it was taken by surprise at such amendment, and the plaintiff positively insisting that the injuries complained of were received by her on the 18th day of November, an adjournment was granted to the defendant. The case came on for trial a second time before Mr. Justice Moore, and the complaint was again amended by fixing the date of the accident as the 18th day of December, 1898. The plaintiff testified that the 18th day of December was the correct time that the accident occurred, although she had previously testified in open court that it was on the 18th day of November, 1898. Upon the trial it was claimed by the defendant that the plaintiff had stated to one of the employés of the company that the accident happened upon December 23, 1898, and in connection with that testimony the defendant showed that it had a report of an accident which occurred at the same place as the plaintiff testified the accident happened, but on the last-mentioned date, and that it had no report of any accident happening at that locality on December 18, 1898. The defendant then called one Gamble as a witness, who testified that he was the conductor on a car of the defendant's line in December, 1898, at the place where the plaintiff testified that she met with the accident; that he remembered the accident occurring; that, while he could not swear positively that the plaintiff was the person then injured, that she looked like her, and he was then asked the question: "Will you say what you saw with reference to that accident,—what you saw and did?" This question was objected to by the plaintiff's counsel as being incompetent. The objection was sustained, and the defendant thereupon took an exception thereto. The defendant showed by this witness that he was not then in the employ of the company, having been discharged in February after the accident. The jury found a verdict for the plaintiff, and the defendant, appealing, urges, among other grounds, that the exclusion of the testimony of the witness above referred to was error for which a new trial should be ordered. In view of the very uncertain character of the testimony of the plaintiff as to the time of the accident, the defendant should have been permitted to have given its version of the circumstances attending the occurrence which it claimed took place on the 23d day of December, 1898, and the exclusion thereof was error for which a new trial must be granted. It is true that the judge charged the jury that they must find that the accident happened on the 18th day of December, before they could find for the plaintiff; but such charge did not cure the error, because, had the jury been permitted to hear the offered testimony and the circumstances attending the accident of Decem-

ber 23d, as the circumstances might have been given by the witness, in answer to the question asked him, the jury might have been convinced that the plaintiff was mistaken as to the date of the occurrence, and that the defendant was not responsible for the accident, nor liable in damages. The other questions raised by the appellant need not be considered in view of the foregoing.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.

MacLEAN, J., concurs. LEVENTRITT, J., takes no part.